IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Janice Cole, | ) | C/A No.: 0:11-cv-01361-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Aetna Life Insurance Company, | ) | |
| Community Health System Long | ) | |
| Term Disability Group Plan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on Plaintiff Janice Cole's motion that her long term disability ("LTD") benefits claim be remanded to Defendants for further review. Plaintiff further asks this court to order that she be allowed to gather and submit additional evidence to the Defendants for the review. Defendants oppose the plaintiff's motion. After reviewing the parties' briefs on this motion, the court grants the plaintiff's motion for remand her LTD benefits claim to Defendants for further review and also grants the plaintiff's motion to gather and submit additional information for such review.

**I.      Factual and Procedural History**

After working for 31 years as a registered nurse at Springs Memorial Hospital, Cole's last day of work was June 5, 2006. As an employee of Springs Memorial Hospital, Cole was enrolled in the CHS/Community Health System, Inc. Welfare Benefit Plan for long term disability benefits ("the Plan"), which was fully insured by Defendant Aetna Life Insurance Company ("Aetna"). Cole made a claim for short term disability

1

benefits, which was certified from June 5, 2006 through September 3, 2006. She also applied for LTD benefits and was notified on December 19, 2006 that she was considered disabled from her own occupation effective September 3, 2006. Aetna informed Cole that in order to continue to receive LTD benefits after June 5, 2008, she would have to qualify as disabled under the "any occupation" test.

On May 22, 2008, Aetna notified Cole that it was continuing review of her claim and requested that she provide certain information, such as updated clinical records from January 1, 2008 to the present, within 30 days. On November 5, 2008, Aetna notified Cole that she did not satisfy the "any occupation" test of disability and that her LTD benefits would be terminated as of November 4, 2008. Cole appealed Aetna's decision and filed additional documentation for Aetna's review. On February 16, 2009, Aetna had Benjamin L. Lechner, M.D., Board Certified in Internal Medicine and Rheumatology, complete an independent review of Cole's case. Dr. Lechner produced a report in which he concluded that Cole did not have a functional impairment that would preclude her from performing any occupation from June 4, 2008 through the date of his review.

On March 2, 2009, Aetna notified Cole by letter of its decision to uphold its original determination. The documents listed by Aetna in the letter as those that it reviewed in coming to its decision were those of another claimant rather than those pertaining to Cole.

After Cole's appeal was denied, she retained counsel and requested that Aetna reopen her claim. Cole submitted additional documentation for Aetna to review, but Aetna denied Cole's request for reconsideration.

On June 3, 2011, Cole filed this lawsuit asserting a claim under the Employee Retirement Income Security Act of 1974 ("ERISA").  On December 5, 2011, Cole filed this Motion to Remand, asserting that based on the procedural errors committed in this case, Cole is entitled to have her claim remanded to Aetna for review.  Cole additionally asserts that she should be allowed to supplement the record with additional documentation that was not considered in her first appeal.  Aetna opposes Cole's Motion to Remand and submits that there are no procedural errors in this case that warrant the remand of Cole's claim.

## II.    Legal Standard

Pursuant to 29 C.F.R. § 2560.503-1(h)(1), every employee benefits plan must have a procedure under which the participant can appeal an adverse benefit determination and have a full and fair review of the claim and decision.  "[T]he claims procedures of a plan will not be deemed to provide a claimant with reasonable opportunity for a full and fair review of a claim and adverse benefits determination unless the claim procedures" provide the following:

(1)    180 days to appeal the determination;

(2)    an opportunity for the claimant to "submit written comments, documents, records, and other information relating to the claim for benefits;"

(3)    access, upon request by the claimant, to all information relevant to his or her claim;

(4)    a "review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim, without

3

    regard to whether such information was submitted or considered in the initial benefit determination";

(5) a review that does not afford deference to the initial adverse benefit determination;

(6) identification of medical experts consulted; and

(7) consultation by a medical consultant who was not consulted in connection with the adverse benefit determination.

*See* 29 C.F.R. § 2560.503-1(h)(2) & (3).  Additionally, 29 C.F.R. § 2560.503-1(j) requires the plan administrator to provide written notification of the outcome of the review, including "[t]he specific reason or reasons for the adverse determination."  In cases where there is a procedural ERISA violation, [the Fourth Circuit has] recognized the appropriate remedy is to remand the matter to the plan administrator so that a 'full and fair review' can be accomplished." *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (2008).

### III. Analysis

  In her Motion to Remand, Cole argues that Aetna made numerous procedural errors that warrant remand so that she may receive a full and fair review.  First, Cole asserts that Aetna did not provide her proper notification of the outcome of her appeal because the documents listed by Aetna in the notification upholding the denial of her LTD benefits were those of another claimant—none of the documents pertained to Cole.  While Cole admits that the independent medical consultant cited the correct files in his report, Cole points out that it was Aetna, not Dr. Lechner, who was vested with the power

4

to deny Cole's claim. According to Cole, Aetna's "denial letter could not possibly have provided Cole 'the specific reasons for adverse determination' where a significant portion of the letter did not even apply to Cole's claim." (ECF No. 41-1, p. 8). As a second procedural error, Cole proffers a suspicion that Aetna either lost or misplaced portions of her claim file, which resulted in the delay of the termination of her LTD benefits. Additionally, Cole makes numerous arguments relating to the sufficiency of evidence on which Aetna based the termination of Cole's LTD benefits. Finally, Cole argues that Aetna has shown bad intent by instructing Cole to submit additional records and evidence but refusing to tell her whether such records and evidence would be considered in another review. Apparently the parties had agreed in principle to remand this case, but that review has not taken place because Defendants want to limit the scope of evidence that Cole could submit to supplement the administrative record to evidence produced before March 2, 2009.

In response to Cole's motion, Aetna submits that it properly complied with the requirements set forth in the regulation for a "full and fair review." Aetna points out that "[t]he only portion of the letter that pertains to another claimant is the list of documents—the substance and reasons for upholding its decision on appeal refer to Cole's specific records." (ECF No. 45, p. 11). Aetna characterizes the list of documents pertaining to another claimant as a scrivener's error. As to the delay in the processing of Cole's appeal, Aetna argues that the delay was necessary for Aetna to complete its investigation—the assertion that Aetna lost parts of Cole's file is unfounded. In response to Cole's numerous arguments that the evidence relied upon by Aetna was insufficient,

5

Aetna submits that this court should not consider such arguments at this point in the process. According to Aetna, the proper time for this court to consider the sufficiency of the evidence relied upon by Aetna in denying Cole's LTD benefits is at the stage where parties submit cross-memoranda for summary judgment. Aetna further submits that by seeking to have Aetna review documents produced since March 2, 2009, Cole is attempting to impermissibly supplement the administrative record. "If Cole is permitted to submit documents that were not in existence at the time of Aetna's appeal decision, the effect would be to allow Cole to supplement the record with documentation that may not be relevant if the Court were to decide this case on the merits." (ECF No. 45, pp. 14–15).

"Procedural guidelines are at the foundation of ERISA and 'full and fair review must be construed . . . to protect a plan participant from arbitrary or unprincipled decision-making.'" *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 235 (4th Cir. 2008). The regulations setting forth the procedural requirements for a "full and fair review" of an ERISA claim require a "review that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim" and a notification that gives "[t]he specific reason or reasons for the adverse determination." 29 C.F.R. § 2560.503-1(h) & (j). The denial letter issued by Aetna to Cole failed to give proper notification and seems to indicate that Cole was not provided with a "full and fair review." As such, this court finds that Aetna committed a procedural error in reviewing Cole's claim and that remand is appropriate in this case. About a third of the denial letter appears to be standard language relating information about the Community Health Systems Inc. LTD group policy. Another third of the letter consists

6

of a list of documents purportedly included in Aetna's review but completely unrelated to Cole's claim. The only language that specifically refers to Cole and her medical condition is lifted almost verbatim from the report of the independent medical consultant, Dr. Lechner. This court does not find that it would be improper for Aetna to adopt the findings of its consultant and to include the language of his report in their denial letter. However, the contents of the letter—both the erroneous list of documents and the copied language from the consultant's report—indicate a lack of familiarity by Aetna with Cole's claim. As such, this court finds that Cole did not receive a full and fair review that took into account all of the comments, documents, records, and other information submitted by Cole relating to her claim. Additionally, this court finds that Aetna failed to provide specific reasons for the adverse determination where a significant portion of the letter did not even apply to Cole's claim.

Based on the foregoing, remand of Cole's claim to the plan administrator is appropriate. Furthermore, because Cole was not provided "full and fair review" in her appeal, she shall be allowed to submit further documentation, including documents created after March 2, 2009, the date of the first appeal.

Because this court has found that Aetna committed a procedural error in reviewing the denial of Cole's LTD benefits claim and that remand is appropriate, the court does not reach the issue of whether the evidence relied upon by the administrator was sufficient in this case.

**IV. Conclusion**

Based on the foregoing, this court hereby remands this case to the plan administrator for a full and fair review of Plaintiff's claims as required by ERISA, 29 U.S.C. §§ 1001–1461. Plaintiff is entitled to submit additional documentation for the review, including documents created after March 2, 2009. The court hereby gives each party ninety (90) days to conduct the review, and the case will be stayed while the review is being conducted.

IT IS SO ORDERED.

January 26, 2012                                             Joseph F. Anderson, Jr.
Columbia, South Carolina                               United States District Judge